IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN J. HARGIS | ) | |
| | ) | |
| v. | ) | No. 2:17-0033 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
|     Acting Commissioner of Social Security | ) | |

**To:** The Honorable Waverly D. Crenshaw, Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

Currently pending is Defendant's motion to dismiss for failure to file a timely claim (Docket Entry No. 10).[1] Plaintiff has filed a response (DE 13), to which Defendant filed a subsequent reply. DE 14. For the reasons that follow, the undersigned Magistrate Judge respectfully, if somewhat regrettably, recommends that Defendant's motion be **GRANTED**.

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's application for benefits as provided under Title XVI of the Social Security Act. DE 1 at 1. On March 10, 2017, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's unfavorable decision. DE 12-2 at 2. In order to have timely appealed this decision, the relevant statute states that Plaintiff must have filed his complaint in this Court "within sixty days after the mailing to him of notice" of the final decision on his

---

[1] All filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

claim. 42 U.S.C. § 405(g). The Commissioner of Social Security has interpreted "mailing" to mean the date a claimant receives the Appeals Council's notice of denial of request for review of the ALJ's decision. *See* 20 C.F.R. § 404.981. The date of receipt of this final notice is presumed to be five days after the date listed on the notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 422.210(c) ("[T]he date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

It is undisputed that the notice of the Appeals Council's decision in Plaintiff's case was dated March 10, 2017. DE 12-2 at 2. Plaintiff is therefore presumed to have received this notice five days later, on March 15, 2017, and the 60-day limitations period would run from that date, resulting in a May 14, 2017 deadline for timely filing of a complaint in this court. Because May 14, 2017 fell on a Sunday, however, the deadline instead became the next day, Monday, May 15, 2017. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that for any calculation of a time period under the Federal Rules of Civil Procedure, if the last day of that period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Accordingly, Defendant argues that Plaintiff's filing on May 17, 2017 is untimely and warrants dismissal for lack of subject matter jurisdiction.

Plaintiff does not dispute that he received the notice from the Appeals Council by or on March 15, 2017, nor does he argue that his complaint was timely filed. He instead states opaquely that "it is not possible to tell when the Complaint was filed electronically, only that the

Clerk processed it that date." DE 13 at 1.[2] Such misdirection has not gone unnoticed by Defendant, who correctly notes that this statement provides no indication that Plaintiff filed his complaint by the May 15, 2017 deadline.

Nevertheless, Plaintiff relies on the doctrine of equitable tolling to argue that his untimeliness represents "excusable neglect" that should not result in dismissal of this action. DE 13 at 1. In considering the appropriateness of tolling the statute of limitations in Social Security appeals, the Court is directed to examine five considerations:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citing *Dunlap v. U.S.,* 250 F.3d 1001, 1008 (6th Cir. 2001)). Here, Plaintiff does not contend that he lacked actual or constructive notice of the filing requirements. Indeed, he makes no argument regarding his receipt of the Appeal Council's decision to address the first two factors.

---

[2] Contrary to Plaintiff's assertion that it is not possible to tell when the Complaint was electronically filed, a Notice of Electronic Filing was generated at the time of the filing of the complaint in this case. According to the Court's procedures, all civil complaints and miscellaneous pleadings are filed under a Master Case Number, which for 2017 civil complaints, is 3:17-mc-9999. At the time of the filing under this Master Case Number, the filer is instructed to print the Notice of Electronic Filing generated when the filing is completed. *See* Link to Electronic Filing of Complaints and Other Initiating Documents found on the Court's website under CM/ECF. The clerk then processes the new filing and a Notice of Electronic Filing, which contained the new civil case number and judge assignments, is emailed to the filer. *Id*. Plaintiff's complaint was electronically filed under Master Case Number 3:17-mc-9999, on May 17, 2017, at Docket No. 316. Additionally, the Civil Cover Sheet completed by Plaintiff's attorney (Docket No. 1-1) reflects a date of May 17, 2017. The Court may take judicial notice of this information, but may not "credit disputable facts therein as evidence." *See Cunningham v. Rapid Response Monitoring Systems, Inc.*, 2017 WL 1489052, at *1 n.1 (M.D. Tenn. 2017) (citation omitted). To the extent that Plaintiff disputes the circumstances of the filing of the Complaint as stated, he may object to this Report and Recommendation as provided below. Absent any such dispute, the facts as stated support that Plaintiff's Complaint was not filed until May 17, 2017—two days after expiration of the statutory 60-day period to seek court review.

With respect to the third factor, involving "diligence in pursuing one's rights," the Court notes that the notice provided by the Appeals Council contains the following excerpt:

> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

DE 12-2 at 4. Plaintiff does not assert, nor has he provided any evidence, that he took any such steps to request additional time in the instant matter.

Rather, Plaintiff primarily relies on two arguments to support his request for equitable tolling. First, he argues that there is an "absence of prejudice" to Defendant, the fourth factor for consideration. While Plaintiff may be correct that, in this particular case Defendant will not suffer any great prejudice from Plaintiff's few days of tardiness, the Sixth Circuit has held that strict adherence to filing requirements is necessary in light of the volume of Social Security applications filed annually.

> Although allowing [the claimant] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.

*Cook*, 480 F.3d at 437. Therefore, the fourth factor appears to weigh against Plaintiff's position.

As to the final factor, Plaintiff does not make any argument regarding his "reasonableness in remaining ignorant" of the filing deadline, but instead points to the Sixth Circuit's decision in *Lewis v. Alexander*, a case involving an individual's petition for writ of *habeas corpus*. 987 F.2d 392 (6th Cir. 1993). However, the Sixth Circuit explicitly stated that its review in that case concerned the "question of whether the district court may grant relief from judgment under Fed. R. Civ. P. 60(b) for the sole purpose of re-entering the same judgment at a later date, thereby making an untimely appeal timely." *Id*. at 394. The Sixth Circuit described the different methods by which a district court that has retained jurisdiction over an action following an untimely

appeal by one of the parties may rule on a Rule 60(b) motion (*id*. at 395), a situation that is not applicable to the instant case in which the Court currently has no jurisdiction due to Plaintiff's failure to timely file a civil action. *See Sanders v. Comm'r of Soc. Sec.*, 101 F. App'x 594, 595 (6th Cir. 2004) (noting that a district court's jurisdiction to review the denial of Social Security benefits is provided by 42 U.S.C. § 405(g)).

The Court also notes that Plaintiff's assertion that his tardiness represents "excusable neglect" does not find purchase in this matter since it is not included in the considerations delineated by the Sixth Circuit for equitable tolling of the statute of limitations, as discussed *supra*. Excusable neglect is instead one of the factors that a district court may consider when determining whether to relieve a party from a final judgment or order under Rule 60(b). *See Lewis*, 987 F.2d at 395. Here, the pending motion is not one under Rule 60(b) or to which Rule 60(b) applies.

To the extent that excusable neglect might be a standard by which a court appropriately measures the third factor, namely, a claimant's diligence in pursuing his rights, Plaintiff has failed to provide any support for his contention that his tardiness should be deemed excusable neglect. Plaintiff claims that "[i]n [*Lewis*], the District Court held that the tolling of limitations period was warranted because of the documentation in the record that the claimant suffered from psychological impairments that provided excusable neglect. That is the case here." DE 13 at 2.

However, as noted by Defendant, the case cited by Plaintiff makes no reference to any psychological impairment whatsoever. The Sixth Circuit instead found that the district court did not abuse its discretion by granting the petitioner's Rule 60(b) motion in light of the actions by the petitioner's attorney, who "acted diligently in attempting to comply with the time constraints for filing the notice of appeal" after misreading the date-stamp on his copy of the notice of appeal. *Lewis*, 987 F.2d at 397. There is no discussion of any psychological conditions.

Moreover, Plaintiff fails to reference any psychological impairment in his responsive brief and certainly makes no attempt to explain how any such condition precluded the timely filing of an action in this Court. The undersigned therefore finds no basis on which to equitably toll the statute of limitations.

For these reasons, the Court concludes that Plaintiff's request for equitable tolling is without merit based on the considerations discussed by the Sixth Circuit in *Cook*. As a result, the Court lacks jurisdiction to hear this matter, and Defendant's motion to dismiss must be granted. While the Court recognizes the severe consequences of this decision, sympathy cannot guide the Court's decision. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1984) ("Procedural requirements … are not to be disregarded by courts out of a vague sympathy for particular litigants."). *See also Cook*, 480 F.3d at 437 ("In the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits.").

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully recommends that Defendant's motion to dismiss (DE 10) be GRANTED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S.

Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

        Respectfully submitted,

        _____
        BARBARA D. HOLMES
        United States Magistrate Judge